Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back      Location : Fort Bend   Images   Help

# REGISTER OF ACTIONS
## CASE NO. 16-DCV-230631

| | | |
|---|---|---|
| Christopher Auld vs Metropolitan Lloyds Insurance Company of Texas | §<br>§<br>§<br>§<br>§ | Case Type: **Contract -**<br>**Consumer/Commercial/Debt**<br>Date Filed: **03/09/2016**<br>Location: **240th District Court** |

---

## PARTY INFORMATION

| | | |
|---|---|---|
| Defendant or Respondent | Metropolitan Lloyds Insurance Company of Texas<br>Dallas, TX 75201-3136 | **Attorneys**<br>**Dennis D Conder**<br>*Retained*<br>214-748-5000(W) |
| Plaintiff or Petitioner | Auld, Christopher | **James Willis**<br>*Retained*<br>713-655-1405(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/09/2016 | Docket Sheet<br>*Docket Sheet* | | |
| 03/09/2016 | Petition     Doc ID# 1<br>*Plaintiff's Original Petition* | | |
| 03/09/2016 | Case Information Sheet<br>*Civil Case Information Sheet* | | |
| 03/09/2016 | Request     Doc ID# 2<br>*Request for Process Form* | | |
| 03/16/2016 | Issuance     Doc ID# 3<br>*Citation Issued to Metropolitan Lloyds Insurance Company of Texas* | | |
| 03/16/2016 | Citation by Certified Mail<br>*CMRRR# 9414 7266 9904 2957 5270 93*<br>Metropolitan Lloyds Insurance Company of Texas | Served<br>Returned | 03/18/2016<br>03/21/2016 |
| 03/23/2016 | Answer/Contest/Response/Waiver     Doc ID# 4<br>*Defendant Metropolitan Lloyds Insurance Company of Texas' Original Answer* | | |

---

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant or Respondent** Metropolitan Lloyds Insurance Company of Texas<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 04/01/2016** | | 2.00<br>2.00<br>**0.00** |
| 03/23/2016 | Transaction Assessment | | 2.00 |
| 03/23/2016 | E-filing     Receipt # 2016-17094-DCLK | Metropolitan Lloyds Insurance Company of Texas | (2.00) |
| | **Plaintiff or Petitioner** Auld, Christopher<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 04/01/2016** | | 401.00<br>401.00<br>**0.00** |
| 03/10/2016 | Transaction Assessment | | 401.00 |
| 03/10/2016 | E-filing     Receipt # 2016-13556-DCLK | Auld, Christopher | (401.00) |



Filed
3/9/2016 6:45:11 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Erica Rodriguez

CAUSE NO. **16-DCV-230631**

| | | |
|---|---|---|
| CHRISTOPHER AULD, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | Fort Bend County - 240th Judicial District Court |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Christopher Auld ("Mr. Auld"), Plaintiff herein, files this Original Petition against

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") and, in support of

his causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.    Christopher Auld is a Texas resident who resides in Fort Bend County, Texas.

2.    Metropolitan is an insurance company doing business in the State of Texas which

may be served through its registered agent for service of process in the State of Texas, CT

Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## II.
## DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.



1

## III.
## CLAIM FOR RELIEF

4.     The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.     Venue is proper in Fort Bend County because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Fort Bend County.

## V.
## FACTUAL BACKGROUND

7.     Mr. Auld is a named insured under a property insurance policy issued by Metropolitan.

8.     On or about May 25, 2015 a storm hit the Missouri City, Texas area, damaging Mr. Auld's house and other property. Mr. Auld subsequently filed a claim on his insurance policy.

9.     Defendant improperly denied and/or underpaid the claim.

10.    The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.    This unreasonable investigation led to the underpayment of Plaintiff's claim.

2

12.     Moreover, Metropolitan performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

### A.     Breach of Contract

14.     Metropolitan had a contract of insurance with Plaintiff. Metropolitan breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B.     Prompt Payment of Claims Statute

15.     The failure of Metropolitan to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

    (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

3

   (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   (3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.    Defendant violated Section 541.061 by:

   (1)    making an untrue statement of material fact;

   (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

   (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

   (4)    making a material misstatement of law; and

   (5)    failing to disclose a matter required by law to be disclosed.

21.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.    Defendant has violated the Texas DTPA in the following respects:

4

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Metropolitan failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Metropolitan, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Metropolitan took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.     Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

5

25. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29. You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Christopher Auld prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Auld be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

6

other and further relief, general or special, at law or in equity, to which Mr. Auld may show himself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By:___ /s/ James Willis_____
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
James Willis
TBA No. 24088654
jwillis@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
CHRISTOPHER AULD**

7

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through his attorneys of record: Richard D. Daly, John Black, Ana M. Ene and William X. King, Daly & Black, P.C, 2211 Norfolk St, Suite 800, Houston, Texas 77098.

Respectfully submitted,

DALY & BLACK, P.C.

By: /s/ James Willis
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
James Willis
TBA No. 24088654
jwillis@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
CHRISTOPHER AULD

1

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ James Willis
James Willis

2

## INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1. Identify the document's title and general subject matter;
   2. State its date;
   3. Identify all persons who participated in its preparation;
   4. Identify the persons for whom it was prepared or to whom it was sent;
   5. State the nature of the privilege claimed; and
   6. State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1. You know the response made was incorrect or incomplete when made; or
   2. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

3

## DEFINITIONS

A. **"Defendant," "You," "Your(s),"** refers to Metropolitan Lloyds Insurance Company of Texas, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C. **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D. **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E. **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H. **"Lawsuit"** refers to the above styled and captioned case.

I. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents,

4

studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.  The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.  The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.  The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.  The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file

notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

6

## INTERROGATORIES TO DEFENDANT METROPOLITAN

### INTERROGATORY NO. 1:

Identify all persons answering or supplying any information in answering these interrogatories.

#### ANSWER:

### INTERROGATORY NO. 2:

Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;

    b.    their employer; and

    c.    description of their involvement with Plaintiff's Claim.

#### ANSWER:

### INTERROGATORY NO. 3:

If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

#### ANSWER:

### INTERROGATORY NO. 4:

State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

#### ANSWER:

### INTERROGATORY NO. 5:

If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

#### ANSWER:

### INTERROGATORY NO. 6:

If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

#### ANSWER:

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT METROPOLITAN

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim File including all documents and communications regarding the Claim.

#### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

#### RESPONSE:

9

**REQUEST FOR PRODUCTION NO. 7**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 13

Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 14

Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 15

Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 16

Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 17

Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 18

Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 19

Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

### RESPONSE:

11

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

**RESPONSE:**

12

### REQUEST FOR PRODUCTION NO. 26

Produce all billing detail showing the amounts you paid or for which you were billed by any , engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 27

Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 28

Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 29

Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 30

Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

### RESPONSE:

13

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of your attorney's[s'] fee bills in this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT METROPOLITAN

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

### RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

**RESPONSE:**

Filed
3/23/2016 4:12:33 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Layla Helton

CAUSE NO. 16-DCV-230631

| | | |
|---|---|---|
| CHRISTOPHER AULD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | 240th JUDICIAL DISTRICT COURT |

# DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

## I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of

exemplary damages absent a showing of fraud or malice or a willful act or omission of gross

neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Pleading further, Defendant alleges all of the terms and provisions of the policy of

insurance issued to the Plaintiff, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1.   **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling,
     **we** cover:
     A.   the dwelling owned by **you** on the **residence premises**; and
     B.   structures, equipment and accessories attached to the dwelling.
          Swimming pools not fully enclosed within the dwelling are covered
          under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

#### LOSS DEDUCTIBLE CLAUSE
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations.
**We** will pay only that part of the loss over such stated deductible.

#### COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO
NOT COVER**.

#### COVERAGE C - PERSONAL PROPERTY
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverage C when loss or damage is caused by **SECTION I - BROAD
NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT
COVER**.

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 3**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

* * *

2.    **Windstorm or Hail**
      **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

* * *

## SECTION I - LOSSES WE DO NOT COVER

1.    **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

* * *

D.    **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

1.    flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

2.    **We** do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion I. above and Exclusion 3. Below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss. The items are:

A.  conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, and that pungent or without fault;

B.  defective, inadequate, faulty or unsound;

1.  planning, zoning, development, surveying, siting;

2.  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

3.  materials used in repair, construction, renovation or remodeling; or

4.  maintenance;

of any property whether on or off the **residence premises**. Property includes land, structures or improvements of any kind; and

C.  weather conditions.

However, this exclusions only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.  **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

A.  wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the

terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically,

the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2.  **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.  Promptly notify **us** or **our** representative.

...

B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.  Cooperate with us in the investigation of a claim.

...

**DEFENDANT METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 5**

E.  At any reasonable time and place **we** designate, and as often as **we** reasonably require:
  1.  show **us** the damaged property;
  2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

...

Pleading further, Plaintiff failed to promptly repair the roof of his property and based upon information and belief, has not performed necessary repairs to the property.

### III.  JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:  Dennis D. Conder
State Bar No. 04656400
901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___23rd___ day of ___MArch___, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

_____
Dennis D. Conder

PAN/PLDG/566288.1/001466.16875